IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA ROCHA<br>　*Plaintiff,*<br><br>v.<br><br>JAVIER SALAZAR, BEXAR COUNTY SHERIFF'S OFFICE, UNKNOWN OFFICERS WITHIN BSCO<br>　*Defendants.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 5:21-cv-00839 |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, MARIA ROCHA Plaintiff and files this her Original Complaint, complaining of Bexar County Sheriff Javier Salazar and the Bexar County Sheriff's Department and would respectfully show unto the Court as follows:

### THE PARTIES

1. Plaintiff Maria Rocha is a natural born person, resident of Bexar County.

2. Defendant Javier Salazar in his official capacity is the duly elected Sheriff of Bexar County, Texas. He may be served with process by serving him at 200 N. Comal St., San Antonio, TX 78207.

3. Defendants unknown deputies of the Bexar County Sheriff's Office ("BSCO") are or were deputies working for BSCO at the time of the incident in question. Plaintiff expects to be able to identify the two individuals and formally name them as Defendants as discovery commences.

### JURISDICTION & VENUE

4. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. § § 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure. An actual justiciable controversy exists between Plaintiff, Salazar, and the Unknown deputies within the meaning of 42 U.S.C. §§ 1983

and 1988 regarding whether the unknown officers violated the Fourth Amendment's restraint against the use of excessive force.

5. This Court has subject matter jurisdiction over the federal questions raised under the violation of her constitutional rights pursuant to 28 U.S.C. § 1331.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 in that claims against agency heads must be brought in the districts where they reside in their official capacities.

## FACTS

7. On February 27, 2020, Plaintiff was stopped by patrol officers with the University of Texas Health Science Center in Northwest San Antonio. Plaintiff was arrested on suspicion of drunk driving and transferred to the Bexar County women's detention center for booking and processing.

8. While at the detention center awaiting final processing, Plaintiff was brutally assaulted by two BCSO deputies. Plaintiff was beaten, slammed to the floor and dragged across the holding cell. She was then denied timely medical treatment. Ultimately, Plaintiff had to be transferred to University Hospital for emergency medical treatment. According to medical records, deputies reported that Plaintiff "fell in holding cell" and sustained a laceration to her chin. Despite repeated requests to Bexar County regarding the incident, the County has failed and/or refused to provide information regarding exactly what happened to Plaintiff.

9. Upon information and belief, BSCO's Public Integrity Unit investigated the incident. At the conclusion of the investigation, BSCO's own Public Integrity Unit determined the two unknown deputies had violated the law and forwarded their investigation materials to the Bexar County District Attorney's office with a recommendation that charges be filed against the two officers.

10. Upon information and belief, the District Attorney reviewed the materials and declined to prosecute.

## DECLARATORY JUDGMENT ACTION

11. Pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff prays this Court find that the unknown deputies of the BSCO intentionally, willfully, or recklessly assaulted and battered Plaintiff in violation of Texas Common law.

## CAUSES OF ACTION

*Excessive Use of Force*

12. The Bexar County Sheriff's deputies violated Rocha's Fourth Amendment protection to be free from unreasonable seizures when she was brutally attacked by Sheriff's deputies while waiting to be processed at the Bexar County women's center. In this regard:

   a. Rocha was denied her right to be free from unreasonable seizure, when the officers attacked her in the holding cell even though: 1) Rocha had only been booked on suspicion of DWI; 2) Rocha was not engaged in nor accused of criminal activity that amounted to a felony; 3) Rocha was unarmed; 4) Rocha's criminal history did not support any presumption that she would be violent; 5) Rocha was not a threat to herself or others; 6) Rocha did not make any aggressive or threatening statements or actions towards the officers. U.S. Const. Amends. 4th & 14th.

13. The Bexar County Sheriff's Office is responsible for the hiring, training, continued education, maintaining records of conduct that fails to meet the standards set forth by the Bexar County Sheriff's Office, disciplining and firing its employees. The policies and procedures adopted by Defendant Salazar and the Bexar County Sheriff's office failed to protect Rocha against the officer's brutal attack. Salazar in his official capacity as Bexar County Sheriff, failed to restrain

the conduct of the two officers involved in this incident. This failure is a proximate cause of these constitutional violations, Rocha's physical injuries and damages.

## RELIEF REQUESTED

14. Rocha requests a declaratory judgment that Salazar, in his official capacity as Bexar County Sheriff and the Bexar County Sheriff's Office failed to create procedures and policies that effectively identify violent or incompetent officers in such a way that would protect the general public from unconstitutional deprivations and improper use of excessive force. This failure was the proximate cause of Rocha's injuries and damages in violation of her Fourth and Fourteenth Amendment rights.

15. Rocha requests a declaratory judgment that Salazar, in his official capacity as Bexar County Sheriff and the Bexar County Sheriff's Office failed to restrain the known violent and unconstitutional actions of the two officers in this case and failed to protect Rocha and Bexar County residents from the same unconstitutional practices which resulted in the use of excessive force against Rocha.

16. Rocha requests a declaratory judgment that Salazar, in his official capacity as Bexar County Sheriff and the Bexar County Sheriff's Office violated her constitutional rights to be free from unreasonable search and seizure.

## DAMAGES

17. As a proximate result of Defendant Salazar and the two unnamed officer's conduct, Rocha suffered and suffers from one or more of the following elements of damages:

    a. Reasonable medical expenses incurred in the past;

    b. Reasonable medical expenses which in all likelihood will be incurred in the future.

    c. Physical pain and mental anguish sustained in the past;

  d. Physical pain and mental anguish which, in all likelihood will be incurred in the future;

  e. Physical impairment in the past;

  f. Physical impairment which in all likelihood will be incurred in the future;

  g. Past lost earnings;

  h. Future lost earning capacity.

18. Rocha's damages are within the jurisdictional limits of the Court.

19. If Rocha proves by clear and convincing evidence that her injuries and damages resulted from malice or gross negligence, Defendants may be liable to Rocha for exemplary damages.

## CONCLUSION

WHEREFORE PREMISES CONSIDERED, Plaintiff Maria Rocha, prays that Defendants be cited to appear and answer these allegations. Rocha prays that upon notice and final hearing, judgment be awarded in her favor and against the Bexar County Sheriff's office and the two unnamed officers for violations of her constitutional rights. Plaintiff prays for such other and further relief to which she may show herself justly entitled.

  Respectfully Submitted

  Sloan PLLC
  14546 Brook Hollow Blvd., No. 512
  San Antonio, TX 78232
  T: 210.343.5000
  F: 210.802.0480

   /s/ Jeremy R. Sloan
  Jeremy R. Sloan
  SBN 24054995
  E: jeremy@sloanpllc.com