UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA ROCHA, | § | |
|     PLAINTIFF | § | |
| | § | |
| V. | § | CAUSE NO. 21-CV-00839 |
| | § | |
| JAVIER SALAZAR, ET AL. | § | |
|     DEFENDANTS | § | |

## DEFENDANTS' ANSWER TO THE AMENDED COMPLAINT

TO THE UNITED STATES DISTRICT JUDGE:

Megan Evans and Lizbeth Cornelio, misnamed Lizabeth Cornelio, in support of this answer to the amended complaint would show:

### FIRST DEFENSE

1. Paragraphs 1-3 of the complaint does not require a response.

### SECOND DEFENSE

2. In response to the allegations in paragraph 4-6, Defendants admit that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) and agree with the venue allegations. Defendant deny violating the constitutional rights of the Plaintiff.

### THIRD DEFENSE

3. In response to the allegations in paragraphs 7-8, Defendants admit that on February 26, 2020, law enforcement officers employed by the University of Texas System Police Department arrested the Plaintiff for driving while intoxicated. She is currently pending criminal charges for said offense. Defendants state that according to the police report, prior to the arrest, Plaintiff admitted consuming alcohol, was confused, unsteady and unbalanced on her feet, and did not pass a field sobriety test.

After the arrest, the officers transported Plaintiff to the Bexar County Detention Center for processing. At the Detention Center, Plaintiff refused to provide a breath specimen and was detained further awaiting the execution of a search warrant for a blood specimen. At the detention center, Plaintiff became disruptive, vociferous, unruly, noncompliant and physically aggressive towards Defendants who were on duty acting as detention officers. Plaintiff's behavior made it necessary to restrain Plaintiff in handcuffs while she was being processed. Defendants escorted Plaintiff to a holding cell. As she arrived at the holding cell, Plaintiff was screaming and twisting her body from side to side. Plaintiff started turning her body toward Defendant Evans as she held Plaintiff's right arm. As Plaintiff turned, Defendant Evans started to push Plaintiff away from her when she felt that Plaintiff's foot or leg got caught on Defendant Evans' leg area and both tripped. Defendant Evans began to fall with Plaintiff while she held her arm. As they stumbled, Deputy Evans was able to catch her balance but Plaintiff, still in handcuffs, fell forward, hit her chin, and sustained a laceration that eventually required three sutures. Medical assistance was summoned. Plaintiff received adequate medical treatment at the Detention Center's infirmary. According to medical records, the following day, Plaintiff received additional medical treatment at the University Health System Hospital, where after numerous diagnostic tests, it was determined that the Plaintiff sustained a laceration on her chin and swelling on her face. No other injuries were reported. Defendants deny any material allegations inconsistent with these facts.

## FOURTH DEFENSE

4. In response to the allegations in paragraphs 9-10, The Sheriff's Office investigated Plaintiff's complaint of illegal use of force. Defendants deny that the Sheriff's Office's investigation found that the Defendants violated policies and the law as alleged in the complaint. The Sheriff's Office investigation, which did not include a recommendation that charges be filed against Defendants, was sent to the Bexar County District Attorney for "review and/or prosecution." The District Attorney declined to take any action because it found "insufficient evidence" to proceed against Defendants.

## FIFTH DEFENSE

5. Paragraphs 11 and 12 of the complaint do not require a response as these allegations are not made against these Defendants.

## SIXTH DEFENSE

6. Subject to the admissions and denials in the previous paragraphs, Defendants deny the allegations in paragraphs 13 through 17, and the prayer for relief.

## SEVENTH DEFENSE

7. Any part of the Plaintiff's complaint that is not specifically admitted is generally denied. The Defendants still urging and relying on matters alleged without waiving any other matter asserted herein, further allege as affirmative defenses the following:

## EIGHTH DEFENSE

8. The individual Defendants assert the defense of qualified immunity and good faith immunity.

## NINTH DEFENSE

9. Defendants allege as a defense that Plaintiff failed to take reasonable action to avoid or to mitigate the alleged damages.

## TENTH DEFENSE

10. Defendants allege as a defense that any injury or damages suffered by Plaintiff was caused solely by reason of Plaintiff's wrongful acts and conduct and the willful resistance to law enforcement in discharge, and attempt to discharge the duties of their office, and not by reason of any unlawful acts or omissions of Defendants.

## ELEVENTH DEFENSE

11. Defendants allege as a defense that any force used on Plaintiff was reasonable and immediately necessary under the circumstances so that any injuries or damages allegedly suffered by Plaintiff were due to and caused by Plaintiff's acts and conduct. Defendants allege as a defense that Plaintiff knew or should have known that she was being detained and arrested by a law enforcement officer and had the duty to refrain from resisting such detention and arrest during the incident made the basis of Plaintiff's complaint. At the time the Plaintiff's engaged in the conduct described in this pleading, Defendants had a reasonable belief that the Plaintiff's had consented, and did consent, to Defendants' conduct.

## TWELFTH DEFENSE

12. Plaintiff's complaint fails to state a cause of action against this Defendants cognizable under 42 U.S.C. §1983 or the Fourteenth Amendment to the Constitution of the United States. Defendants state to the Court that Plaintiff's municipal liability claim is frivolous and groundless and that upon prevailing herein Defendants should

be entitled to attorneys' fees pursuant to 42 U.S.C. 1988.

13.   Defendants demand a trial by jury.

WHEREFORE, PREMISES CONSIDERED, the Defendants pray that upon hearing the Plaintiffs recover nothing of and from the Defendants by way of his suit; that the Court enter a Judgment that the Defendants go hence without delay with all costs of court; that the Defendants be awarded attorney's fees and court cost under 42 U.S.C. § 1988; and that the Defendants have such other and further relief to which they may be justly entitled.

Respectfully submitted,

LAW OFFICE OF ALBERT LÓPEZ
2222 Estate Gate Dr.
San Antonio, Texas 78260
Telephone: (210) 404-1983
Fax: (210) 404-1990

By: /s/Albert López
ALBERT LÓPEZ
State Bar No. 12562350
alopezoffice@gmail.com
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on December 17, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Jeremy R. Sloan, Attorney at Law, Sloan PLLC, 2161 NW Military Hwy, Suite 114, San Antonio, TX 78213 and Susan A. Bowen, Assistant District Attorneys, Civil Division, 101 W. Nueva, 7th Floor, San Antonio, Texas 78205.

/a/ Albert López
Albert López